

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2005

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Williams" (2005). *2005 Decisions*. Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-1070

———

UNITED STATES OF AMERICA

v.

JOMO A. WILLIAMS,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cr-00490)
District Judge: Honorable William G. Bassler

———

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2005

Before:  SLOVITER, SMITH, and STAPLETON, Circuit Judges.

(Filed: December 14, 2005)

———

OPINION

———

STAPLETON, <u>Circuit Judge</u>.

Appellant Jomo Williams was charged with two counts of mail fraud and two counts of assaulting a federal agent while he was engaged in the performance of his official duties. He was convicted by a jury on all counts following a seven day trial. Williams was sentenced to 60 months of imprisonment on the first two counts and 78 months of imprisonment on the second two, such terms to run concurrently.

I.

On the seventh day of the trial, the District Court excused a juror and replaced him with an alternate. Williams insists that this was an abuse of the Court's discretion. We find no such abuse.

The District Court noticed the juror who was ultimately excused sleeping on seven occasions in the course of four separate days. It exhibited commendable patience, excusing the juror only after taking cautionary measures which included questioning the juror on two occasions and making findings of fact with respect to his inattentiveness. Specifically, the Court found, *inter alia*:

> I find as a fact that Mr. Jones is disqualified to perform juror duties. And I do this very reluctantly, but I have to say in all fairness, I would not be doing my job if I let this slide. I have noticed Mr. Jones nodding off on a number of days. . . When I inquired of him about it, I was willing to take his explanation of a poor night's sleep. The second time I talked to him about it, the excuse was some kind of accident. . . . To be perfectly honest, I really didn't find his responses all that credible, but I was willing to give him the benefit of the doubt. And, quite frankly, I was hoping the problem would go away, that after my inquiry he would pay attention.
>
> There are two problems with this. One is, I'm convinced that at

2

times he has fallen asleep, not just nodding but actually fallen asleep, and I've noticed that because Mr. Lee from time to time would reach out to kind of nudge him [in] an effort to wake him up. And I believe at other times that that has taken place as well.

. . . I've watched [Juror No. 3] where he puts his head back, and you can see his hand beginning to drop as a person does when they begin to fall asleep. Furthermore, he has closed his eyes so many times that it certainly means to me that he's not really paying attention to what's happening. And that's not a good thing for the Government and it's not a good thing for the Defendant. It undermines the whole integrity of the decision of the jury and of his ability to function as a juror. So reluctantly, I'm going to dismiss him for his inability to serve as a juror.

. . . I was quite aware of it in my closing instructions, I can't say he was following what I was saying. In fact, just the opposite. I know at times he wasn't following. And if you look at him, it's not only his nodding off, but it's obvious he drifts. You see him staring off into hither and dearth. So, I'm taking judicial notice of his conduct in open court. . . .

App. at 48-50.

## II.

As the government acknowledges, Williams' sentence was (1) enhanced based on facts found by the District Court in violation of the Sixth Amendment, and (2) imposed under Guidelines that were erroneously viewed as binding. *United States v. Booker*, 125 S. Ct. 738 (2005). As the government further concedes, given the absence of any other evidence sufficient to rebut the presumption of prejudice we set forth in *United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005), Williams is entitled to be resentenced.

3

## III.

The judgment of sentence will be reversed, and this matter will be remanded for resentencing only in accordance with *United States v. Booker*.